BOWEN, Judge.
This is an appeal from the denial of a petition for post-conviction relief. Lawrence Jamison Smith challenges his 1987 conviction for murder on a number of grounds, including the ineffective assistance of counsel and the prosecution’s failure to disclose the existence of exculpatory evidence.
This Court affirmed Smith’s conviction without opinion. Smith v. State, 524 So.2d 394 (Ala.Cr.App.1988). Certiorari was denied by the Alabama Supreme Court without opinion, 532 So.2d 665 (Ala.1988).
After a lengthy evidentiary hearing, the circuit court denied the petition, “based on the preclusion provisions of Rule 20.2.” The court stated in its written order that “the preclusion provisions of Rule 20.2 are the sole basis for the denial of the petition.”
This Court finds no basis for denying the petition upon the preclusion provisions of Rule 20.2, A.R.Cr.P.Temp. On this appeal, the State does not argue that the dismissal was proper on that basis.
Rule 20.9(d) provides that, after an evi-dentiary hearing, “[t]he court shall make specific findings of fact relating to each material issue of fact presented.” Therefore, the order of the circuit court dismissing the petition is set aside, and this cause is remanded to the circuit court with instructions that specific findings of fact relating to each material issue of fact presented be entered in compliance with Rule 20.9(d). If it is necessary or helpful to the circuit court in complying with these instructions, further testimony may be taken in regard to the issues presented in the petition. Upon completion of its written findings of fact and conclusions of law, the circuit court shall forward its order containing those findings and conclusions to this court. The appellant shall have 21 days from the filing of that order in this Court to file his brief. The appellee shall have 21 days from the filing of the appellant’s brief to file a brief.
REMANDED WITH INSTRUCTIONS.
All Judges concur.